IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTORIA MCCOLLIM, individually and<br>on behalf of other similarly situated current and<br>former workers/employees of Defendants. | §<br>§<br>§<br>§ | |
| Plaintiff(s), | §<br>§ | CIVIL ACTION NO._____ |
| V. | §<br>§ | JURY |
| | §<br>§ | |
| ALLIED CUSTOM HOMES, INC., DAVID A.<br>TEEKELL and LEONARD COURTRIGHT | §<br>§<br>§ | |
| Defendants. | § | |

## COMPLAINT

VICTORIA MCCOLLIM, individually and on behalf of other similarly situated current and former workers/employees of Defendants, complains of ALLIED CUSTOM HOMES, INC., DAVID A. TEEKELL and LEONARD COURTRIGHT, Defendants (collectively referred to as "Defendants"), and would respectfully show the following:

## PARTIES

1.      Plaintiff, VICTORIA MCCOLLIM ("McCollim"), is an individual residing in Harris County, Texas, who files this lawsuit on her behalf and on behalf of other similarly situated current and former workers/employees of Defendants who may subsequently opt-in this lawsuit.

2.      Defendant, ALLIED CUSTOM HOMES, INC. ("Allied"), is a Texas domestic for-profit corporation doing business in Harris County, Texas, and which may be served with

summons by serving its registered agent, Leonard Courtright, 1431 Graham Drive, Suite 202, Tomball, Texas 77375.

3.     Defendant, DAVID A. TEEKELL ("Teekell"), is an individual believed to be residing in Tomball, Texas, and who may be served with summons at his place of business located at 1431 Graham Drive, Suite 202, Tomball, Texas 77375.

4.     Defendant, LEONARD COURTRIGHT ("Courtright"), is an individual believed to be residing in Magnolia, Texas, and who may be served with summons at his place of business located at 1431 Graham Drive, Suite 202, Tomball, Texas 77375.

## COLLECTIVE ACTION

5.     Plaintiff, McCollim files this complaint on her own behalf and on behalf of other similarly situated current and former workers/employees of Defendants pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA").  Specifically, McCollim files this complaint on her own behalf and on behalf of the similarly situated current and former workers/employees who worked for Allied at any time between December 29, 2008 and December 29, 2005 (the "Relevant Time Period").

## VENUE

6.     Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district.

## JURISDICTION

7.     This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.SC. §1331.  Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. §201 *et seq.*, as amended.

## STATEMENT OF CAUSES OF ACTION

8.    Allied was an "employer" of McCollim within the meaning of 29 U.S.C. §203(d) during the Relevant Time Period.

9.    Teekell acted directly or indirectly in the interest of Allied in relation to McCollim during the time she worked for Allied.

10.    Courtright acted directly or indirectly in the interest of Allied in relation to McCollim during the time she worked for Allied.

11.    McCollim was an "employee" of Teekell within the meaning of 29 U.S.C. §203(d) during the relevant Time Period.

12.    McCollim was an "employee" of Courtright within the meaning of 29 U.S.C. §203(d) during the Relevant Time Period.

13.    Allied was an "enterprise" as that term is defined in the FLSA, 29 U.S.C. §203(r) during the Relevant Time Period.

14.    Allied was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in the FLSA, 29 U.S.C. §203(s) during the Relevant Time Period.

15.    In working for Defendants, McCollim and the other putative plaintiffs were engaged in commerce or the production of goods for commerce and/or they were employed by an enterprise engaged in commerce or the production of goods for commerce.

16.    McCollim was a non-exempt employee under the FLSA.  McCollim was not paid on a salary basis, as the term is defined in 29 C.F.R. 541.602.

17.    McCollim regularly worked more than forty hours per week for Allied.

18.     Defendants misclassified McCollim and similarly situated employees treating them as independent contractors rather than employees.  McCollim was not paid time and one-half times her regular hourly rate for every hour she worked in excess of forty in a workweek.

19.     McCollim was not paid in accordance with the FLSA.

20.     It was Defendants' policy and/or practice to treat McCollim and similarly situated employees as contract workers and not pay them one and one-half times their regular hourly rate for hours worked in excess of forty in the workweek.

21.     Defendants owe other current and former workers/employees for unpaid overtime under the FLSA for work they performed during the Relevant Time Period.

## VIOLATION OF THE FLSA

22.     McCollim incorporates the factual allegations recited above and would show that Defendants are liable to her and other similarly situated current and former workers/employees of Defendants for wages and overtime compensation under the FLSA.

23.     Defendants had a statutory obligation to pay McCollim and other current and former similarly situated workers/employees at an hourly rate for all the time they worked and at a rate of one and one-half times their regular rate of pay for all hours they worked in excess of forty in a given workweek.  McCollim and the other putative plaintiffs worked for Defendants in excess of forty hours a week during the Relevant Time Period.  Defendants never paid McCollim or the other putative plaintiffs for overtime at the rate of one and one-half times their regular rate of pay for the excess hours worked during that time period.

24.     Defendants' violations of the FLSA were willful.  Defendants knew or showed reckless disregard for whether their conduct was illegal.  There is no reasonable basis for Defendants to believe McCollim or other putative plaintiffs were exempt under the FLSA or that

Defendants' practices were permitted by the FLSA.  Defendants did not act in good faith in failing to pay Plaintiffs or the other putative plaintiffs in accordance with the requirements of the FLSA.

25.     Plaintiffs seek for themselves and the other putative plaintiffs, and are entitled to, a recovery of liquidated damages on their claims under the FLSA.

## ATTORNEYS' FEES

26.     Defendants' refusal to abide by their statutory obligations to McCollim has made it necessary for her to employ the undersigned attorney to file this lawsuit.  As such, McCollim requests the Court to award a reasonable fee, pursuant to the FLSA, for her attorneys' services rendered and to be rendered herein, at the trial court and the court of appeals, as well as expenses and court costs.

## SECTION 216(b) COLLECTIVE ACTION

27.     As mentioned above, pursuant to Section 216(b) of the FLSA, McCollim files his complaint on her own behalf and on behalf of other current and former similarly situated persons who have worked for Allied during the Relevant Time Period, who were not paid time and one-half overtime as required by the FLSA for the hours they worked in excess of forty in a workweek.

28.     It was Defendants' policy and/or practice to not pay McCollim and the other putative plaintiffs for those hours they worked in excess of forty hours per week at one and one-half times their regular hourly rate.  Therefore, there are other similarly situated employees of Allied who are owed wages under the FLSA for work they performed for Allied during the Relevant Time Period.

29.     Defendants' violations of the FLSA were willful.  Defendants knew or showed reckless disregard for whether their conduct was illegal.  There is no reasonable basis for Defendants to believe McCollim and the other putative plaintiffs were exempt under the FLSA or that Defendants' practices were permitted by the FLSA.  Defendants did not act in good faith in failing to pay in accordance with the requirements of the FLSA.

30.     Therefore, the putative plaintiffs are owed wages, overtime, liquidated damages and attorneys' fees for the same reasons as McCollim.  The putative plaintiffs should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA and McCollim requests such notice be issued.

## JURY DEMAND

31.     McCollim demands a jury on all issues to be tried in this matter.

## PRAYER

WHEREFORE, McCollim prays that Defendants be summoned to appear, that notice be issued to the putative plaintiffs, and that on final trial of this matter, McCollim and the putative plaintiffs be granted relief as follows:

(a)     Judgment declaring that the acts and practices of Defendants described herein violate the FLSA, as amended;

(b)     Judgment declaring that the acts and practices of Defendants described herein constitute a willful violation of the FLSA, as amended;

(c)     Judgment directing Defendants to pay McCollim and other plaintiffs who may opt-in this litigation liquidated damages for violations of the FLSA, as amended;

(d)     Costs of suit and reasonable attorneys' fees;

(e)     Prejudgment and post-judgment interest as provided by law; and

(f)      Such other and further relief, in law and in equity, to which McCollim and such

other plaintiffs may be justly entitled.

Respectfully submitted,

MARTIN, DISIERE , JEFFERSON & WISDOM, L.L.P.

_____
W. Jackson Wisdom
State Bar No. 21804025

808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

ATTORNEY IN CHARGE FOR PLAINTIFF,
VICTORIA MCCOLLIM

H:\wdox\5757\0002\00336887.DOC