**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| VICTORIA McCOLLIM, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-08-3754 |
| § | |
| ALLIED CUSTOM HOMES, INC., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

In this FLSA collective action case, Victoria McCollim sued Allied Homes and two individual employees, David Teekell and Leonard Courtright. McCollim alleged that she was classified as an independent contractor when she worked for Allied; that she was misclassified; and that as a result, she was not paid for work in excess of forty hours in a workweek at a one and one-half overtime rate. McCollim alleges that the violation was willful. She seeks certification of a collective action on behalf of current and former employees who were misclassified as independent contractors from December 29, 2005 to December 29, 2008. (Docket Entry No. 1 ¶ 5). McCollim sues the individual defendants on the basis that they worked "directly or indirectly in the interest of Allied in relation to McCollim during the time she worked for Allied." (*Id.* ¶¶ 9, 10).

David Teekell has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for a more definite statement under Rule 12(e). (Docket Entry No. 9). For the reasons explained below, the motion is denied.

**I.     The Legal Standards**

    **A.     Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63 ("*Conley's* 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Since *Twombly,* courts have cautioned that the factual allegations in the complaint must not be "so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir. 2008). A "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Courts have interpreted *Twombly*'s emphasis on "plausibility" to mean that the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Phillips*, 515 F.3d at 234 (quoting *Twombly,* 550 U.S. at 555).

"Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556 n.3). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555); *see also In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 558). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *See Elsensohn*, 530 F.3d at 571–72.

### B.     Rule 12(e)

A party is entitled to a more definite statement when a portion of the pleadings to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." FED R. CIV. P. 12(e). "[M]otions for a more definite statement are generally disfavored." *Russell v. Grace Presbyterian Village,* No. 3:05-cv-0030, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

PRACTICE AND PROCEDURE § 1377 (2d ed. 1990)); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376, at 306 (3d ed. 2004) ("The 1948 Amendment of Federal Rule 12(e) makes it clear that the availability of a motion for a more definite statement is quite restricted.").

"Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Russell,* 2005 WL 1489579, at *3 (citing *Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 130 (5th Cir. 1959)). "When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading." *Chapman v. Dallas County Cmty. Coll. Dist.*, No. 3:05-cv-1809, 2006 WL 3442057, at *4 (N.D. Tex. Nov. 29, 2006) (citing *Mitchell,* 269 F.2d at 130). When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted. *Arista Records LLC v. Greubel,* 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006) (citing *Mitchell,* 269 F.2d at 132).

Nevertheless, parties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading. 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1203, at 99 (3d ed. 2004) ("[T]he form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested . . . by a motion for a more definite statement[.]"); *see also Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.,* 313 F. Supp. 2d 648, 653–54 (N.D. Tex. 2004) (denying a Rule 12(e) motion because the counterclaim to which the motion was directed was sufficient under Rule 8(a)); *J & J Mfg., Inc. v. Logan,* 24 F. Supp. 2d 692, 703 (E.D. Tex. 1998) (indicating that a pleading withstands a Rule 12(e) challenge if it meets

Rule 8(a)'s requirements); 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1377, at 351 ("[A] complaint that is sufficient under Rule 8 in most cases should provide as much information as the defendant needs to frame a responsive pleading – or, at least, is entitled to at that stage of the proceeding."). Rule 8(a)(2) provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999).

## II.   Analysis

A complaint under Rule 8(a) must provide both notice of the claim and identify the grounds for the relief sought. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 438 (5th Cir. 2004). The complaint in this case is not detailed, but it satisfies both of these Rule 8(a) requirements. McCollim essentially alleges that she and others were misclassified as independent contractors rather than employees and that they should have been paid overtime for hours worked in excess of forty hours per week, in violation of the FLSA. The allegations provide notice of the claim and of the grounds for seeking relief under the statute.

Teekell moves to dismiss on the ground that McCollim fails to allege detailed facts that would "determine" or "establish" that she was an employee rather than an independent contractor and that she was nonexempt. This standard overstates what is required under Rule 8(a). Although there are few cases analyzing a motion to dismiss an FLSA complaint since *Twombly*, one is instructive. In *Burroughs v. MGC Services, Inc*., No. 08-1671, 2009 WL 959961 (W.D. Pa. Apr.

7, 2009), the defendants asserted that the allegations of the plaintiff's complaint were insufficient to state a claim for relief under the FLSA because:

> Plaintiff failed to allege that Defendants were aware of her uncompensated work hours; Plaintiff failed to allege that she billed Defendants for the work at issue but was not paid; Plaintiff failed to allege that the work at issue could not have been completed within her designated work hours; Plaintiff failed to allege that she was not permitted to perform the work at issue during regular work hours; and Plaintiff failed to allege that Defendants had actual or constructive knowledge that the time spent by Plaintiff on uncompensated work was more than *de minimis.*

*Id.* at *5. The defendants also asserted that the plaintiff's complaint failed to allege conduct that would support a claim of willfulness. *Id.*

The court rejected both arguments, finding that the plaintiff's complaint adequately pleaded claims against the defendants for violations of the FLSA. The complaint stated:

> [The defendant] provides services to children with mental health issues. [The individual defendant] is the principal owner of MGC, and she personally manages the business. Plaintiff was employed by Defendants as a therapeutic staff support worker until approximately August 2008. In this position, Plaintiff, who was paid an hourly wage by Defendants, provided one-on-one support services to children and adolescents with mental health problems.
>
> During her employment by Defendants, Plaintiff regularly performed activities that were essential to her job and undertaken for the sole benefit of Defendants' business operations without compensation. These activities included preparing and reviewing detailed paperwork concerning clients to whom Plaintiff was assigned, as well as traveling between client locations during the workday.
>
> The time for which Plaintiff was not compensated by Defendants totaled hundreds of hours during the relevant period. In addition, Plaintiff frequently worked in excess of 40 hours per week. By failing to compensate Plaintiff for all hours worked, and by failing to pay Plaintiff the legally mandated overtime premium for hours worked in excess of 40 hours per week, Defendants acted willfully

and with reckless disregard of the provisions of the FLSA . . . .

*Id.* at *1. These allegations are similar to those in the complaint at issue. As in *Burroughs*, this court concludes that the motion to dismiss the plaintiff's claims under Rule 12(b)(6) should be denied, without prejudice to the right to file a motion for summary judgment on the FLSA claims, if appropriate.

The motion for more definite statement is also denied. To the extent Teekell is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted. *Arista Records LLC v. Greubel,* 453 F. Supp. 2d at 972. To the extent the defendant is challenging the sufficiency of the complaint under Rule 8(a), the challenge is unpersuasive.

The motions are denied.

SIGNED on April 23, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge